UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
BIBI N. MOHAMED,                     :
                                     :
                    Plaintiff,       :
          v.                         :    11-cv-6734 (BSJ)
                                     :    **OPINION & ORDER**
STATE OF NEW YORK, OFFICE OF THE     :
ATTORNEY GENERAL ("OAG"), LESLIE     :
LEACH,[1] KATHARINE BROOKS, MARY     :
OLESKE and KELLY WHEELER, sued in    :
their individual and professional    :
capacities                           :
                                     :
                                     :
                    Defendants.      :
                                     :
------------------------------------ X

**BARBARA S. JONES
UNITED STATES DISTRICT JUDGE**

    Plaintiff, Bibi N. Mohamed, sues the State of New York, the New York State Law Department (also known as the Office of the Attorney General ("OAG")) (collectively, "the State defendants"), and individual defendants, Katharine Brooks, Mary Oleske, and Kelly Wheeler for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1983. (Am. Complaint, ¶ 1.[2]) Plaintiff seeks compensatory and punitive money damages to redress the ADA-related harms and monetary and declaratory relief in

---

[1] Plaintiff has withdrawn her claims against Defendant Leslie Leach. (Pls. Opp. Mem. at 15.)
[2] Plaintiff's Amended Complaint also stated claims under the Rehabilitation Act, but she withdrew them in her Opposition Memorandum. (Pls. Opp. Mem. at 5.)

1

connection with the alleged constitutional violations.  Before the Court is the Defendants' motion to dismiss.

## BACKGROUND

The following facts are taken from the Complaint, which the Court must accept as true for purposes of a motion to dismiss. Plaintiff worked at OAG as a secretary, then administrative assistant, from November 2001 to January 2009, when she was terminated.  (Am. Complaint, ¶¶ 12, 13, 41.)  There, defendants Brooks and Oleske were Plaintiff's supervisors, and defendant Wheeler Plaintiff's superior.  (Am. Complaint, ¶¶ 17-19.)

In October 2007, Plaintiff suffered a knee injury at work, which required her to have surgery on both knees.  (Am. Complaint, ¶¶ 23-24.)  Because of that injury and surgery, Plaintiff was "out on Worker's Compensation until March 13, 2008."  (Am. Complaint, ¶ 23.)  When she returned to work, Plaintiff claims she "was subjected to harassment" from her supervisors, "berate[d]," and assigned to different job duties that "set her up to fail."  (Am. Complaint, ¶¶ 26-28.)  As examples of this harassment, Plaintiff refers to two "counseling memos" that disciplined her for her insubordination, dated March 25, 2008 and May 12, 2008. (Am. Complaint, ¶¶ 30, 33.) Plaintiff wrote a response to these memos stating that she was being treated unfairly.  (Am. Complaint, ¶ 47.)

In April 2008, Plaintiff's doctor recommended that she receive an accommodation that would allow her to work close to home. (Am. Complaint, ¶ 31.) Plaintiff submitted a formal, written request for a workplace accommodation in May 2008, which was denied. (Am. Complaint, ¶ 36.)

In June 2008, Plaintiff was "put out on Medical Leave by the [Worker's Compensation Board] Judge." (Am. Complaint, ¶ 35.) This period of medical leave lasted until January 5, 2009, on which date she was terminated by a letter dated January 7, 2009. (Am. Complaint, ¶¶ 35, 40, 41.)

In February 2009, Plaintiff filed a charge of employment discrimination with the EEOC alleging that she was denied a reasonable accommodation and terminated solely because of her disability. (Am. Complaint, ¶ 7; Defs.' Mot. to Dismiss, Ex. D.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. On a motion to dismiss, a plaintiff gets the benefit of all reasonable inferences, see, e.g., Goodrich v. Long Island R.R. Co., No. 10-

2809-cv, 2011 WL 3559997, at *2 (2d Cir. 2011), but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Though a plaintiff need not establish a prima facie case at the pleading stage in employment discrimination cases, "the claim must be "facially plausible and must give fair notice to the defendants of the basis for the claim." Ortiz v. Standard & Poor's, No. 10-cv-8490, 2011 WL 4056901, at *2 (S.D.N.Y. Aug. 29, 2011) (emphasis in original) (quoting Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010)).

## DISCUSSION

### A.   Failure to Accommodate under the ADA

In her first cause of action, Plaintiff claims that the State defendants[3] violated Title I of the ADA by failing to accommodate her disability. Specifically, she claims that these defendants discriminated against her by failing to accommodate her disability with a job relocation that was closer to her home. (Am. Complaint, ¶ 49.)

This claim is barred by the Eleventh Amendment, which prohibits suits under the ADA against state entities where only money damages are sought. Bd. of Trs. of the Univ. of Ala. v.

---

[3] The Plaintiff does not assert this claim against the individual defendants. (Am. Complaint n.1.)

4

Garrett, 531 U.S. 356, 360 (2001). Accordingly, this claim is dismissed.

### B. Retaliation under the ADA

Plaintiff's second cause of action asserts a claim of retaliation in violation of Title V of the ADA, against the State defendants only. (Am. Complaint, n.2.) In particular, Plaintiff alleges that she engaged in protected activity by complaining about Defendants' discrimination directly to the Attorney General as well as to the New York State Division of Human Rights and to the EEOC. (Am. Complaint, ¶¶ 65-68.)

The Eleventh Amendment also bars claims for retaliation against a state where the Plaintiff seeks only money damages. Chiesa v. N.Y.S. Dep't of Labor, 638 F. Supp. 2d 316, 323 (N.D.N.Y. 2009) (finding that sovereign immunity bars a suit under Title V of the ADA unless a "fundamental right [i]s implicated, [a] plaintiff s[eeks] injunctive relief, or the United States brought the suit").[4] The claim is therefore dismissed.

### C. Hostile Work Environment

---

[4] Plaintiff argues in her Opposition Memorandum that the sovereign immunity bar is inapplicable where the state has violated Plaintiff's rights under the Fourteenth Amendment. United States v. Georgia, 546 U.S. 151 (2006). Here, Plaintiff has not alleged any facts that would support a plausible claim of any Fourteenth Amendment violation, in connection with her request to work closer to home. If there is a rational basis, employment discrimination against the disabled does not necessarily violate the Equal Protection Clause of the Fourteenth Amendment, Garrett, 531 U.S. at 367-68, and there are no facts alleged that even implicate a violation of the Fourteenth Amendment's Due Process Clause in connection with Defendants' alleged conduct.

As a fifth cause of action, Plaintiff claims that Defendants discriminated against her by creating a hostile work environment "in violation of the Constitution of the United States and applicable statutes." (Am. Complaint, ¶ 91.)

Though the Amended Complaint does not explicitly state which statute or constitutional provision Plaintiff believes to have been violated by Defendants' creation of a hostile work environment, generally speaking, the Court recognizes that statutes such as Title VII prohibit employers from "requiring people to work in a discriminatorily hostile or abusive environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993).

Plaintiff's claim fails, however, because she has not exhausted her administrative remedies in connection with this claim. As a precondition to suit in federal court, Plaintiff was required to file a discrimination charge with the EEOC (or analogous state agency). The Court may consider only claims that were contained in, or "reasonably related to," that charge. Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir. 2001); Fleming v. Verizon N.Y., Inc., 419 F. Supp. 2d 455, 462 (S.D.N.Y. 2005). The only allegation in her EEOC charge was that Defendants denied her an accommodation for her disability. (Def. Mot. to Dismiss, Ex. D.) A hostile work environment claim is not "reasonably related" to an allegation of discriminatory

conduct. Fleming, 419 F. Supp. 2d at 464 (finding that retaliation and hostile work environment claims are not reasonably related to discrimination claims).[5]

Even if the claim were related, Plaintiff's hostile work environment claim would be dismissed for failure to allege a causal relationship between the Defendants' discriminatory motive and the hostile conduct of which she complains. See Missick v. New York, 707 F. Supp. 2d 336, 355 (E.D.N.Y. 2010). The only facts that Plaintiff alleges which might suggest a hostile environment are the three occasions on which her job performance was criticized. (Am. Complaint, ¶¶ 26, 30, 33.) But she does not claim that these incidents of criticism were related to or motivated by her disability; she only mentions that she was disciplined for "insubordination." (Am. Complaint, ¶ 30.) With no other specific causal connection alleged, Plaintiff has not stated a plausible claim of a hostile work environment.[6]

### D. Constitutional Violations[7]

---

[5] Plaintiff has also failed to exhaust her administrative remedies in connection with her retaliation claim and, therefore, in addition to the Eleventh Amendment bar, that claim fails for this additional reason. See Mathirampuzha v. Potter, 548 F.3d 70, 78 (2d Cir. 2008).

[6] To the extent Plaintiff asserts a claim for hostile work environment against the State defendants under the ADA, such claim is also barred by the Eleventh Amendment. The Court notes, however, that the Second Circuit has yet to decide whether a hostile work environment claim is available under the ADA. Ragusa v. Malverne Union Free Sch. Dist., 381 Fed. Appx. 85, 88 (2d Cir. 2010).

[7] Plaintiff asserts these claims only against the individual defendants in their individual capacities. (Pls. Opp. Mem. at 15.)

As a third cause of action alleged pursuant to § 1983, Plaintiff generally asserts that the individual defendants deprived her of her rights to Due Process and Equal Protection, secured by the Fourteenth Amendment to the United States Constitution, Freedom of Speech, guaranteed by the First and Fifth Amendments, and her "Civil Rights" that are guaranteed under "Article I, Section II, of the New York State Constitution." (Am. Complaint, ¶ 72.)  She additionally claims that her constitutional rights to "be free from discrimination and retaliation under the ADA" were violated. (Am. Complaint, ¶ 73.)

This claim must also be dismissed.  Plaintiff has not asserted any additional facts, which would provide the Defendants and the Court any modicum of specificity regarding the nature of her claims.  Therefore, the Court finds that she has not stated a plausible claim for any of the constitutional violations she so generally alleges.[8]

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is granted.  The Plaintiff's request to file a Second Amended Complaint to "insert[]" "additional facts" to support her claims is denied:  Plaintiff's request in this regard is

---

[8] Plaintiff cannot assert a claim against a State defendant under § 1983 because of the Eleventh Amendment bar.

"broad, open-ended [and] contingent." Coriale v. Xerox Corp., 775 F. Supp. 2d 583, 600 (W.D.N.Y. 2011). She has not supplied the Court with any further details on her proposed amendments, let alone a proposed Second Amended Complaint. Also, in view of the fact that Plaintiff has already amended her complaint once, the Court finds that leave to amend in this case would be futile. See Wilson v. Merrill Lynch & Co., 671 F.3d 120, 140 (2d Cir. 2011).

The clerk of the Court is directed to terminate the motion at docket number 22 and to close the case.

**SO ORDERED:**

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

New York, New York
July 31, 2012